UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSSAIN GHAHRALOUD<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>Defendants. | Case No. 1:25-cv-00466-KES-FJS<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 19)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE<br><br>TWENTY-ONE (21) DAY SUPPLEMENTAL PLEADING DEADLINE |

## I. INTRODUCTION

On April 23, 2025, Plaintiff Hossain Ghahraloud, proceeding pro se, filed a complaint seeking to compel adjudication of his immigration visa application. (ECF No. 1 at 2.)

On November 26, 2025, Defendants the United States Department of State, the United States Department of Homeland Security, Kristi Noem (in her official capacity), Marco Rubio (in his official capacity), Robert P. Sanders (in his official capacity), and Consular Officers of the U.S. Consulate General-Montreal (in their official capacity) (collectively "the Government") filed a motion to dismiss all Plaintiff's claims as moot. (ECF No. 19.)

On December 22, 2025, Plaintiff filed his opposition to the government's motion to dismiss. (ECF No. 26.) On December 29, 2025, the government filed its reply brief. (ECF No. 27.) On January 20, 2026, the court took the matter under submission.

For the reasons explained below, the undersigned FINDS AND RECOMMENDS that the case be dismissed with leave to file a supplemental complaint.

## II. BACKGROUND

Plaintiff is an Iranian citizen. (ECF No. 1. at 2.) Plaintiff's spouse applied for her green card in 2017 under the EB-2 national interest waiver category. (ECF No. 1 at 5.) After receiving her green card in July 2019, Plaintiff's spouse filed an I-824 petition on his behalf to include Plaintiff as a following-to-join derivative. (*Id.*) An I-824 form allows a petitioner for an immigrant visa to "request further action on a previously approved application or petition." USCIS Forms, Appl. for Action on Approved Appl. or Pet., https://www.uscis.gov/sites/default/files/document/forms/i-824instr.pdf (last visited September 8, 2026).

On October 22, 2022, Plaintiff attended an E-22 immigrant visa interview at the U.S. Embassy in Montreal, Canada. (ECF No. 19-1 at 2.) An E-22 immigrant visa is intended for spouses and children under the age of twenty-one (21) of EB-2 immigrant visa holders. USCIS Employment Based Immigration: Second Preference, https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-second-preference-eb-2 (last visited September 8, 2026). Plaintiff's visa application was refused that same day under section 221(g) of the Immigration and Nationality Act. (ECF No. 19-1 at 2.)

On October 5, 2024, Plaintiff's spouse became a naturalized U.S. citizen. (*See* ECF No. 1, Ex. F.) Upon his spouse's naturalization, Plaintiff promptly notified the National Visa Center and the U.S. Consulate. (ECF No. 1 at 3.) From October 2022, through April 2025, Plaintiff did not receive a substantive update on his application. (*Id.*)

On June 4, 2025, President Trump issued Presidential Proclamation 10949. *See* 90 Fed. Reg. 24497 (June 10, 2025). Accordingly, the entry of Iranian nationals as immigrants and nonimmigrants was suspended with few exceptions. *Id.* §§ 2(h), 8.

On April 21, 2025, Plaintiff filed the instant lawsuit seeking: (1) final adjudication of his immigrant visa petition; (2) declaratory relief; and (3) equitable relief, including costs and attorney's fees. (ECF No. at 10.)

On June 18, 2025, the State Department issued a final adjudication of Plaintiff's application. (ECF No. 35-1.) The government attached evidence of this final adjudication to its motion to dismiss for mootness. (ECF No. 35-1.) This final adjudication denies Plaintiff's application for an E-22 immigrant under section 212(f) of the Immigration and Nationality Act and states that a national interest exception will not be granted. (*Id.*)

III. LEGAL STANDARDS

Mootness is jurisdictional. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). Because it is jurisdictional, mootness can be raised through a Rule 12(b)(1) motion to dismiss. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "[A] case is moot when the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). That is, if events after the filing of the case resolve the parties' dispute, the court must dismiss the case as moot. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011). Therefore, if "there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of subject matter jurisdiction." *Foster*, 347 F.3d at 745.

Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *See Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false. *Id.* When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* The court need not presume the

truthfulness of the plaintiff's allegations under a factual attack. *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011).

## IV. DISCUSSION

### A. Plaintiff's Requests for a Writ of Mandamus and Declaratory Relief under the Administrative Procedure Act are Moot.

Plaintiff's complaint focuses on the state of play *before* the visa application was adjudicated. (*See* ECF No. 26 at 4, 9-10.) In its motion to dismiss, the government mounts a "factual" attack and provides evidence of a final adjudication of the visa application that Plaintiff identifies in his complaint. (*See generally* ECF Nos. 19, 35-1.) Plaintiff does not contest the authenticity of the government's proffered adjudication and summarizes his interactions with government personnel following the adjudication's publication. (ECF No. 26 at 3-4.)

As a threshold matter, Plaintiff's dual avenues for relief—the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., and the Mandamus Act, 28 U.S.C § 1361—cannot coexist here. Mandamus is an extraordinary remedy that can be pursued only if, among other grounds, "no other adequate remedy is available." *Grondal v. United States*, 37 F.4th 610, 620 (9th Cir. 2022) (quoting *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003)) (emphasis added). Yet relief for failure to process a visa application is available under the APA. *See Alam v. Blinken,* No. 2:24-CV-01103-DJC-CKD, 2024 WL 4804557, at *5 (E.D. Cal. Nov. 15, 2024) (collecting cases). "Because mandamus relief and relief under the APA are 'in essence' the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022).

The Ninth Circuit has already affirmed the dismissal of a case like Plaintiff's. Specifically, the Ninth Circuit affirmed the dismissal on mootness grounds of counts challenging the unreasonable delay and action in violation of the APA because the underlying applications were adjudicated. *Kuzova v. U.S. Dep't of Homeland Security*, 686 Fed. Appx. 506, 508 (9th Cir. 2017) (citing *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995)). So too here. "Although [Plaintiff is] dissatisfied with the results, there is no further relief available." *Id. See also Hamidi*

*v. Baker*, No. 3:25-cv-01992-BTM-GC, 2026 WL 2413196, at *1 (S.D. Cal. Aug. 18, 2026) (dismissing as moot a complaint for a writ of mandamus ordering a spouse's visa application be processed because the government "issued a decision letter informing [the spouse] of its determination that she is ineligible for travel to the United States").

B. <u>Leave to File a Supplemental Complaint</u>.

In response to the government's motion, Plaintiff argues that the application "rests on multiple legal errors. (ECF. No. 26 at 4) (listing misapplication of Presidential Proclamation 10949, failure to apply the exemption to Plaintiff as the spouse of a United States citizen, and internal inconsistency). Plaintiff's remaining challenges focus on events that occurred *after* the filing of the instant complaint (i.e., the correctness of the visa application denial). *Cf. Hamidi*, 2026 WL 2413196, at *2 (noting that plaintiff's shifting opposition to a moot challenge to unreasonable delay on a visa application would have to be raised in an amended pleading). Although Plaintiff does not make a motion, *Frank v. Wells Fargo Bank, N.A.,* 620 F. Supp. 3d 1024, 1028 (C.D. Cal. 2022) ("generally, a party cannot seek affirmative relief through an opposition brief") (citing Fed. R. Civ. P. 7(b)(1)), the court construes Plaintiff's response as seeking leave to file a supplemental complaint, *see Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) (describing supplemental complaints as pleadings "based on facts that didn't exist when the original complaint was filed"). In deciding whether to grant leave to supplement pleadings, courts consider the *Foman* factors. *Cathy v. Palma*, No. 3:22-cv-1565-GPC-JLB, 2023 WL 3213857, at *2 (S.D. Cal. May 2, 2023) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). One of the *Foman* factors is futility. *Foman*, 371 U.S. at 182. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (explaining that leave to amend need not be provided where amendment is futile).

The government insists that any further pleading in this matter is futile because of the consular non-reviewability doctrine. (ECF No. 19 at 5.) Consular non-reviewability "bars judicial review of the denial of a noncitizen's visa application where 'the consular officer cited an admissibility statute that specifies discrete factual predicates the consular officer must find to exist before denying a visa or ... alternatively, there is a fact in the record that provides at least a

facial connection to the statutory ground of admissibility.'" *See Khachatryan v. Blinken*, 4 F.4th 841, 851 (9th Cir. 2021) (citation modified)). When consular non-reviewability otherwise applies, there is a narrow exception when the visa denial impinges on the constitutional rights of a U.S. citizen. *See Dep't of State v. Muñoz,* 144 S.Ct. 1812 (2024). The court acknowledges the possibility that any supplemental complaint might be futile here. Nevertheless, the court is reluctant to foreclose Plaintiff from raising supplemental claims in response to the government's post-complaint adjudication given the liberality of Rule 15(d). *See Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (holding that courts may decline leave to amendment "only if there is strong evidence" of the *Foman* factors).

V. <u>FINDINGS AND RECOMMENDATIONS</u>

For the foregoing reasons, the undersigned HEREBY FINDS AND RECOMMENDS that:

(1) Plaintiff's request that the court order Defendants to immediately adjudicate Plaintiff's pending immigrant visa application (ECF No. 1) be DENIED as moot; and

(2) Plaintiff's request for declaratory relief (ECF No. 1) that the United States Citizenship and Immigration Services delayed unreasonably in adjudicating his visa application be DENIED as moot; and

(3) Defendant's motion to dismiss Plaintiff's complaint be GRANTED with leave to file a supplemental complaint; and

(4) Plaintiff is ordered to file a supplemental complaint within twenty-one (21) days of this order or to file a notice of decision not to file a supplemental complaint.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within <u>fourteen (14) days</u> after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits.</u> Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE