UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOSSAIN GHAHRALOUD,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE, et al.,

Defendants.

Case No. 1:25-CV-00466-KES-FJS

ORDER GRANTING DEFENDANTS' REQUEST FOR A NINE DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

(ECF No. 40)

On October 20, 2026, Defendants the United States Department of Homeland Security, the United States Department of State, and Consular Officers Kristi Noem, Marco Rubio, and Robert P. Sanders (collectively "Defendants") filed the instant request for a nine (9) day extension of time to respond to Plaintiff Hossain Gharaloud's first amended complaint (ECF No. 39). (*See* ECF No. 40.) Accordingly, Defendants' request that the court grant them until October 30, 2026, to file their response to Plaintiff's first amended complaint. (*Id.*) Plaintiff did not file a notice of opposition or non-opposition to Defendants' request and the time to do so has passed.

Local Rule 144(a) provides for the filing of initial stipulations for extensions of time for "no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents," and may be filed without court approval. Local Rule 144(a) also provides that aside from these certain express initial extensions, "[a]ll other extensions of time must be approved by the [c]ourt."

Local Rule 144(c) provides that the court may, in its discretion, grant an initial ex parte extension "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." L.R. 144(c). Except for one initial extension, such "applications for extension of time are not ordinarily granted." L.R. 144(c).

Here, the pending request for an extension of time is not accompanied by an affidavit of counsel setting forth reasons why a "stipulation for an extension of time cannot reasonably be obtained." *See* L.R. 144(c). Nonetheless, the pending motion provides good cause as to why this court should grant Defendants additional time to respond to Plaintiff's first amended complaint. Specifically, the Defendants provide that "additional time is needed, in part, due to the volume of immigration habeas cases and related duties assigned" to Defendants' counsel. (ECF No. 40 at 1.)

Because the requested extension of time is minimal and given the ongoing judicial emergency for immigration habeas cases in this district, the court HEREBY GRANTS Defendants' request (ECF No. 40) to continue the response deadline. Accordingly, Defendants SHALL have up to and including October 30, 2026, to file their response to Plaintiff's first amended complaint.

IT IS SO ORDERED.

Dated: **October 26, 2026**

UNITED STATES MAGISTRATE JUDGE